**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
Fletcher W. Schmidt (SBN 286462)
fschmidt@haineslawgroup.com
2274 East Maple Ave.
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIXTO GUTIERREZ, as an individual, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MOTHER'S MARKET & KITCHEN, INC., a Delaware Corporation; and DOES 1 through 10,<br><br>Defendants. | CASE NO.<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT:**<br><br>**(1) FAILURE TO PAY ALL OVERTIME WAGES (LABOR CODE §§ 204, 510, 558, 1194, 1198);**<br><br>**(2) FAIR LABOR STANDARDS ACT (29 U.S.C. § 201 *et seq.*);**<br><br>**(3) MEAL PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 512, 558);**<br><br>**(4) REST PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 516, 558);**<br><br>**(5) WAGE STATEMENT PENALTIES (LABOR CODE § 226 *et seq.*);**<br><br>**(6) UNFAIR COMPETITION (BUS & PROF CODE § 17200 *et seq.*);**<br><br>**DEMAND FOR JURY TRIAL UNLIMITED CIVIL CASE** |

1

CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Sixto Gutierrez ("Plaintiff") on behalf of himself and all others similarly situated, hereby brings this Class Action Complaint ("Complaint") against Defendants Mother's Market & Kitchen, Inc., and DOES 1 to 10 (collectively "Defendants"), inclusive, and on information and belief alleges as follows:

## JURISDICTION

1. Plaintiff, on behalf of himself and all others similarly situated, hereby brings this Complaint for recovery of unpaid overtime wages and penalties under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.*, Labor Code §§ 204, 226 *et seq.*, 226.7, 510, 512, 516, 558, 1194, 1198, the Unfair Competition Law ("UCL") Bus. & Prof. Code, § 17200 *et seq.*, and California Industrial Welfare Commission Wage Order No. 7-2001 ("Wage Order 7"), in addition to seeking injunctive relief, declaratory relief and restitution.

2. This Court has jurisdiction over Defendants' violations of the FLSA pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331 because the action asserts rights arising under federal law. This Court has jurisdiction over Defendants' violations of the Labor Code sections set forth in the immediately preceding paragraph, the UCL, and Wage Order 7, because these claims derive from the same common nucleus of operative facts.

## VENUE

3. Venue is proper under 28 U.S.C. § 1391 because Defendants do business within the Central District of California. Defendants are also subject to the personal jurisdiction of this Court pursuant to 28 U.S.C. § 1391(c), because at least some of them operate businesses within the Central District of California.

## PARTIES

4. Plaintiff is an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was a California resident, residing in Orange County.

During the four years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to each claim pled herein, Plaintiff was employed by Defendants as an hourly non-exempt employee. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein, lost money and/or property, and has been deprived of the rights guaranteed to him by the FLSA, Labor Code §§ 204, 226 *et seq.*, 226.7, 510, 512, 516, 558, 1194, 1198, the UCL, and Wage Order 7, which sets employment standards for the mercantile industry.

5. Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and do) business by operating a company that retails a wide variety of local and organic produce, grocery, and supplements within the Central District of California and the United States, and therefore, were (and are) doing business in the Central District of California and the State of California.

6. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants were licensed to do business within the Central District of California and the United States, and were the employers of Plaintiff and the Classes (as defined in Paragraph 16).

7. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the Defendants sued herein as DOES 1 to 10, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed, and believes, and thereon alleges, that each of said fictitious Defendants, whether individual, partners, agents, or corporate, was responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the

1  Classes to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

8. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

9. At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff alleges that all Defendants were joint employers for all purposes relating to Plaintiff and the Classes.

## GENERAL FACTUAL ALLEGATIONS

10. Plaintiff has been employed by Defendants as a non-exempt "Grocery Clerk" since approximately March 2014. Plaintiff worked at Defendants' Costa Mesa, California facility until approximately July 2016 when he went on a leave of absence.

11. During Plaintiff's employment with Defendants, Plaintiff worked in excess of 8.0 hours per workday and/or 40.0 hours per workweek, but did not receive overtime compensation equal to 1.5 times his regular rate of pay for all overtime hours worked. Specifically, Defendants paid Plaintiff non-discretionary bonuses (notated as "Birthday Bonus", "Employee of the Month", and "Gift" on Plaintiff's Wage and Earnings Statements) and/or other forms of non-discretionary pay not excludable as a matter of law when calculating an

4
CLASS AND COLLECTIVE ACTION COMPLAINT

employee's regular rate (hereinafter the aforementioned forms of pay are collectively referred to as "Incentive Pay"). Despite Defendants' payment of Incentive Pay to Plaintiff, Defendants failed to properly incorporate the Incentive Pay when calculating Plaintiff's regular rate of pay during corresponding periods where he worked overtime hours and received Incentive Pay, thereby causing Plaintiff to be underpaid all of his required overtime wages.

12. Defendants also failed to provide full, uninterrupted, 30-minute meal periods to Plaintiff due to Defendants' policy/practice of not scheduling meal periods. On some occasions, Plaintiff's meal periods were provided late (commencing after the end of the fifth hour of work), interrupted, and/or cut short of the required 30 minutes due to this practice. When Plaintiff was not provided with a full, 30-minute meal period commencing before the end of the fifth hour of work, Defendants failed to compensate Plaintiff with the required meal period premium payment for each workday in which he experienced a meal period violation as mandated by Labor Code § 226.7.

13. Defendants also failed to authorize and permit all rest periods required by law due to Defendants' unlawful rest period policy which requires employees to remain on Defendants' premises during rest periods. Due to this policy, Defendants maintained control over how Plaintiff spent his rest period time and failed to relieve Plaintiff of all duties during his rest periods, in violation of California law. On occasions when Plaintiff did not receive all legally-compliant 10-minute rest periods to which he was entitled to, Defendants failed to compensate Plaintiff with the required rest period premium for each workday in which he experienced a rest period violation as mandated by Labor Code § 226.7.

14. Upon information and believe, for a portion of the class period after July 1, 2015, Defendants failed to provide Plaintiff, an employee who worked in

California for 30 or more days within a year from the commencement of his employment, with paid sick days as required by Labor Code § 245 *et seq*.

15. As a result of the foregoing violations, Defendants maintained inaccurate payroll records, and issued inaccurate wage statements to Plaintiff. Defendants also issued facially deficient wage statements to Plaintiff that did not include the beginning dates of the pay period as required by Labor Code § 226(a)(6).

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

16. Class Definitions: Plaintiff brings this action on behalf of himself and the following Classes pursuant to Rule 23 of the Rules of Federal Procedure and the FLSA:

a. The California Overtime Class consists of all Defendants' current and former non-exempt employees in California who received Incentive Pay and worked daily and/or weekly overtime during a corresponding time period during the four years immediately preceding the filing of the Complaint through the present.

b. The FLSA Overtime Class consists of all Defendants' current and former non-exempt employees throughout the United States who received Incentive Pay worked weekly overtime during a corresponding time period during the three years immediately preceding the filing of the Complaint through the present.

c. The Meal Period Class consists of all Defendants' current and former non-exempt employees in California who worked at least one shift in excess of 5.0 hours without a meal period of at least 30 minutes in duration commencing prior to the conclusion of the fifth hour of work as reflected in their timekeeping records, and who do not have a corresponding meal period premium payment

1  made for such shifts, during the four years immediately preceding the filing of the
2  Complaint through the present.

3    d. The <u>Rest Period Class</u> consists of all Defendants' current and former
4  non-exempt employees in California who were subject to Defendants' rest period
5  policies/practices and who worked a shift of at least 3.5 hours, during the four
6  years immediately preceding the filing of the Complaint through the present.

7    e. The <u>Wage Statement Class</u> consists of: (i) all members of the
8  California Overtime Class, Meal Period Class, and/or Rest Period Class; and/or
9  (ii) all Defendants' current and former non-exempt employees in California who
10 received a wage statement that did not include the beginning dates of the pay
11 period, during the one year immediately preceding the filing of the Complaint
12 through the present.

13   17. **Numerosity/Ascertainability:** The members of the Classes are so
14 numerous that joinder of all members would be unfeasible and not practicable.
15 The membership of the classes and subclasses are unknown to Plaintiff at this
16 time; however, it is estimated that the Classes number greater than one hundred
17 (100) individuals as to each Class. The identity of such membership is readily
18 ascertainable via inspection of Defendants' employment records.

19   18. **Common Questions of Law and Fact Predominate/Well Defined**
20 **Community of Interest:** There are common questions of law and fact as to
21 Plaintiff and all other similarly situated employees, which predominate over
22 questions affecting only individual members including, without limitation:

23   i. Whether Defendants failed to properly include all forms of
24 compensation when computing the respective regular rates for members of the
25 California and FLSA Overtime Classes;

7
CLASS AND COLLECTIVE ACTION COMPLAINT

      ii.      Whether Defendants provided legally-compliant meal periods and all meal period premium wages to members of the Meal Period Class pursuant to Labor Code § 512 and Wage Order 7;

      iii.      Whether Defendants authorized and permitted all legally-compliant rest periods and provided rest period premium wages to members of the Rest Period Class pursuant to Labor Code § 516 and Wage Order 7; and

      iv.      Whether Defendants furnished legally-compliant wage statements to members of the Wage Statement Class pursuant to Labor Code § 226.

19. **Predominance of Common Questions:** Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as their uniform method of calculating the regular rate for overtime purposes and their uniform meal and rest period policies/practices. As such, these common questions predominate over individual questions concerning each individual class member's showing as to their eligibility for recovery or as to the amount of their damages.

20. **Typicality:** The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendants as a non-exempt employee in California during the statutes of limitation applicable to each claim pled in the Complaint. As alleged herein, Plaintiff, like the members of the Classes, was deprived of all overtime, meal and rest period premium wages, was not provided with all legally-compliant meal and rest periods, and was furnished with inaccurate and incomplete wage statements.

21. **Adequacy of Representation:** Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing and able to fully

and adequately represent the members of the Classes and Plaintiff. Plaintiff's attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the classes.

22. **Superiority:** The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. Similarly, the FLSA is remedial in nature and serves an important public interest in establishing minimum working conditions and standards through the United States. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual Class Members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual Class Members against Defendants herein; and which would establish potentially incompatible standards of conduct for

Defendants; and/or legal determinations with respect to individual Class Members which would, as a practical matter, be dispositive of the interest of the other Class Members not parties to adjudications or which would substantially impair or impede the ability of the Class Members to protect their interests. Further, the claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

23. As such, the Rule 23 Classes identified in Paragraph 16 are maintainable as a Class under Rule 23(b)(1) and/or Rule 23(b)(3).

## FIRST CLAIM

## FAILURE TO PAY OVERTIME WAGES

## (AGAINST ALL DEFENDANTS)

24. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

25. This claim is brought pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198, which provide that non-exempt employees are entitled to all overtime wages and compensation for hours worked, and provide a private right of action for the failure to pay all overtime compensation for overtime work performed

26. At all times relevant herein, Defendants were required to properly compensate non-exempt employees, including Plaintiff and members of the California Overtime Class, for all overtime hours worked pursuant to Labor Code § 1194 and Wage Order 7. Wage Order 7, § 3 requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of eight hours per workday and/or in excess of forty hours of work in the workweek. Wage Order 7, § 3 also requires an employer to pay an employee double the employee's regular rate of pay for work in excess of twelve

hours each work day and/or for work in excess of eight hours on the seventh consecutive day of work in the workweek. As alleged herein, Defendants caused Plaintiff to work overtime hours, but did not compensate Plaintiff or members of the California Overtime Class at one and one half times their "regular rate" of pay for such overtime hours

27. Defendants' policy/practice of requiring overtime work and not paying at the proper overtime rates for said work violates Labor Code §§ 204, 210, 216, 510, 558, 1194, and 1198 and Wage Order 7.

28. The foregoing policies/practices alleged herein are unlawful and create entitlement to recovery by Plaintiff and the members of the California Overtime Class in a civil action for the unpaid amount of overtime wages, including interest thereon, statutory penalties, civil penalties, attorneys' fees, and costs of suit according to Labor Code §§ 204, 210, 216, 510, 558, 1194, and 1198; and Code of Civil Procedure § 1021.5.

## SECOND CLAIM

## FAIR LABOR STANDARDS ACT

## (AGAINST ALL DEFENDANTS)

29. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

30. This claim is brought pursuant to 29 U.S.C. § 207, which requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked in excess of forty per workweek.

31. Plaintiff is informed and believes, and based thereon alleges that, Defendants regularly and systematically, as a policy and practice, miscalculated the overtime rate of pay by failing to properly include the various forms of Incentive Pay paid to Plaintiff and members of the FLSA Overtime Class, which are not statutory exclusions when calculating an employee's regular rate of pay.

1  Accordingly, Plaintiff and members of the FLSA Overtime Class were not
2  compensated at the appropriate rates of overtime pay for all hours worked.

3      32.    Defendants' policy and practice of requiring overtime work and not
4  paying at the proper overtime rate for said work violates the FLSA's overtime
5  requirements including, but not limited to 29 U.S.C. § 207.

6      33.    Defendants' policies and practices, as alleged, constitute a wilful
7  violation of the FLSA, within the meaning of 29 U.S.C. § 255.

8      34.    Defendants' policy and practice of failing to include all forms of
9  Incentive Pay in the overtime rate calculations for Plaintiff and members of the
10 FLSA Overtime Class and failure to pay overtime for all overtime hours worked
11 creates an entitlement to recovery by Plaintiff and members of the FLSA
12 Overtime Class in a civil action for the unpaid amount of overtime premiums
13 owing, including liquidated damages, attorneys' fees and costs, per 29 U.S.C. §
14 216 and interest thereon.

## THIRD CLAIM
## MEAL PERIOD VIOLATIONS
## (AGAINST ALL DEFENDANTS)

18     35.    Plaintiff re-alleges and incorporates by reference all previous
19 paragraphs.

20     36.    Plaintiff is informed and believes, and based thereon alleges, that
21 Defendants failed in their affirmative obligation to provide all of their non-exempt
22 employees, including Plaintiff and the Meal Period Class, with timely meal
23 periods in accordance with the mandates of the Labor Code and Wage Order 7.
24 Despite Defendants' violations, Defendants never paid an additional hour of pay
25 to Plaintiff and the Meal Period Class at their respective regular rates of pay for
26 shifts in which Plaintiff and the Meal Period Class experienced meal period
27 violations, in accordance with California Labor Code §§ 204, 210, 226.7, and 512.

37. As a result, Defendants are responsible for paying premium compensation for meal period violations pursuant to Labor Code §§ 226.7, 512, and 558, and Wage Order 7, including interest thereon, statutory penalties, civil penalties, and costs of suit.

## FOURTH CLAIM
## REST PERIOD VIOLATIONS
## (AGAINST ALL DEFENDANTS)

38. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

39. Wage Order 7, § 12 and Labor Code §§ 226.7 and 516 establish the right of employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

40. As alleged herein, Defendants failed to authorize and permit Plaintiff and members of the Rest Period Class to take all required rest periods.

41. The foregoing violations create an entitlement to recovery by Plaintiff and members of the Rest Period Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, civil penalties, and costs of suit according to Labor Code §§ 226.7, 516, 558, and Civil Code §§ 3287(b) and 3289.

## FIFTH CLAIM
## WAGE STATEMENT PENALTIES
## (AGAINST ALL DEFENDANTS)

42. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

43. Plaintiff is informed and believes, and based thereon alleges that, Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish Plaintiff and members of the Wage Statement Class with

accurate and complete wage statements regarding their overtime wages, meal and rest period premiums, total gross wages, and total net wages in violation of Labor Code § 226.

44.     Defendants' failure to furnish Plaintiff and members of the Wage Statement Class with complete and accurate itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of all of their overtime, meal and rest period premium wages, and deprived them of the information necessary to identify the discrepancies in Defendants' reported data.

45.     Defendants' failures create an entitlement to recovery by Plaintiff and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code § 226, including statutory penalties, civil penalties, and costs of suit according to California Labor Code §§ 226 and 226.3.

## SIXTH CLAIM

## UNFAIR COMPETITION

## (AGAINST ALL DEFENDANTS)

46.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

47.     Defendants have engaged and continues to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 *et seq.*, by failing to: (i) pay all overtime wages earned; (ii) provide all required meal periods or pay meal period premiums; (iii) authorize and permit all required rest periods or pay rest period premiums; and (iv) maintain and issue accurate and complete wage statements.

48.     Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who

have been and/or is currently employing workers and attempting to does so in honest compliance with applicable wage and hour laws.

49. Because Plaintiff is victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff for himself and on behalf of the members of the Classes, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

50. The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

51. Plaintiff was compelled to retain the services of counsel to file this court action to protect his interests and those of the Classes, to obtain restitution, and to enforce important rights affecting the public interest. Plaintiff thereby incurred the financial burden of attorneys' fees and costs, which he is entitled to recover under Code of Civil Procedure § 1021.5.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment for himself and for all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Classes;
2. For an order appointing Plaintiff as representative of the Classes;
3. For an order appointing Counsel for Plaintiff as Counsel for the Classes;
4. Upon the First Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198;
5. Upon the Second Claim, for compensatory, consequential, liquidated, general and special damages pursuant to 29 U.S.C. §§ 207 and 216.

6. Upon the Third Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 512, and 558;

7. Upon the Fourth Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 516, and 558;

8. Upon the Fifth Claim, for statutory wage statement penalties pursuant to Labor Code § 226;

9. Upon the Sixth Claim, for restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

10. Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

11. On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 218.5, 1194 *et seq.* and Code of Civil Procedure § 1021.5; and

12. For such other and further relief the Court may deem just and proper.

Dated: March 10, 2017

Respectfully submitted,
HAINES LAW GROUP, APC

By: _/s/Paul K. Haines_____
Paul K. Haines
Attorneys for Plaintiff

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated: March 10, 2017                HAINES LAW GROUP, APC

By:   _/s/Paul K. Haines_____
Paul K. Haines
Attorneys for Plaintiff